# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

Filed: May 11, 2026

```
* * * * * * * * * * * * * *    *
MARC WUSHOWUNAN LIVINGSTON,    *
                               *
              Petitioner,      *      No. 22-1630V
                               *
v.                             *      Special Master Young
                               *
SECRETARY OF HEALTH            *
AND HUMAN SERVICES,            *
                               *
              Respondent.      *
* * * * * * * * * * * * * *    *
```

*Paul Adrian Green*, Law Office of Paul Green, Pasadena, CA, for Petitioner.
*Eleanor Hanson*, United States Department of Justice, Washington, DC, for Respondent.

### RULING ON ENTITLEMENT[1]

On November 1, 2022, Marc Wushowunan Livingston ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("the Program").[2] Pet., ECF No. 1. Petitioner alleged that he suffered Guillain-Barré syndrome ("GBS") as a result of an influenza ("flu") vaccine administered on November 3, 2019. *Id.* at 1.

On May 6, 2026, Respondent filed a report pursuant to Vaccine Rule 4(c) stating that Petitioner's claim was appropriate for compensation. Am. Resp't's Rep. at 2, ECF No. 49. Respondent's position is that Petitioner has satisfied the Table criteria and Qualifications and Aids to Interpretation ("QAI") for GBS following the flu vaccine. *Id.* at 8–9 (citing 42 C.F.R. § 100.3(c)(15)). Additionally, Respondent's position is that Petitioner suffered the residual effects of his condition for more than six months and there is no apparent alternative cause. *Id.* at 8. Respondent specified that "this concession is limited to symptoms associated with the monophasic course of GBS, which does not include treatment fluctuations beyond nine weeks." *Id.* at 9.

---

[1] Because this Ruling contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755 ("the Vaccine Act" or "Act"). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

A special master may determine whether petitioners are entitled to compensation based upon the record. A hearing is not required. §300aa-13; Vaccine Rule 8(d). In light of Respondent's concession and a review of the record, I find that Petitioner is entitled to compensation. This matter shall now proceed to the damages phase.

**IT IS SO ORDERED.**

s/Herbrina D. S. Young
Herbrina D. S. Young
Special Master